D. SCOTT CHANG #146403
schang@housingrightscenter.org
Tel.: (213) 387-8400 x 1116
AZADEH HOSSEINIAN #306141
ahosseinian@housingrightscenter.org
Tel.: (213) 387-8400 x. 1114
HOUSING RIGHTS CENTER
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Fax:   (213) 381-8555

Attorneys for Plaintiffs DINORA BARAJONA, TANIA MORATAYA, and ELVA OCAMPO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DINORA BARAJONA, an individual; TANIA MORATAYA, an individual; and ELVA OCAMPO, an individual;<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>C & R CANOGA PARK, L.P., a California Limited Parternship; and ANA LOPEZ, an individual;<br><br>　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF; DEMAND FOR JURY TRIAL |

## I.　INTRODUCTION

1.　Plaintiffs Dinora Barajona, Tania Morataya, and Blanca Ocampo bring this action against Defendants C & R Canoga Park, L.P. and Ana Lopez for injunctive, declaratory, and monetary relief for discriminating against families with children in violation of the Fair Housing Act, 42 U.S.C. 42 U.S.C. §§ 3601-3619; the Fair Employment and Housing Act, Cal. Gov't Code §§ 12927-12957; and the

California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52. Plaintiffs also allege a claim for negligence.

2.  Since at least 2010, Defendants have engaged in an ongoing practice of intimidating and/or harassing children to prevent them from being outside at the apartment complex.  Defendants discriminatory practices include:

- prohibiting children from playing, sitting or standing in the outside common areas of the apartment building;
- posting signs prohibiting children 12 and under from using the common areas unless supervised by an adult;
- confiscating toy balls, scooters and other toys;
- instructing parents to keep their children inside;
- yelling at children for being outside;
- threatening evictions against families who failed to comply with the policy prohibiting children from being outside in the common areas; and,
- threatening to call the police against children who were in the outside common areas.

3.  As a result of Defendants' discriminatory practices, children have been afraid to be outside and Plaintiffs have kept their children inside their apartments as often as possible.  Plaintiffs therefore have been unable to fully use and enjoy their homes because of their familial status.

## II.   JURISDICTION AND VENUE

4.  This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because the claims alleged herein constitute discriminatory practices under the Fair Housing Act, 42 U.S.C. § 3601 et seq.  The court has jurisdiction over Plaintiffs' state law claim under 28 U.S.C. § 1367 because Plaintiffs' federal and state law claims are related, arise out of a common nucleus of related facts and form the same case and controversy as the federal law claims.

5.  This court has authority to grant declaratory and injunctive relief under

1. the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Fair Housing Act, 42 U.S.C. § 3613(c).

6. Venue is proper in this district under 28 U.S.C. § 1391(b) (1) & (2) because Defendants reside in this district and all events giving rise to this complaint occurred in this district.

### III.   PARTIES

7. Plaintiff Dinora Barajona has been a resident of the apartment complex located at 20421 Saticoy Street in Winnetka, California since approximately 2008. She lives in a one-bedroom apartment with her husband and her 12 and eight year-old sons.

8. Plaintiff Elva Ocampo has been a resident of the apartment complex located at 20421 Saticoy Street in Winnetka, California since approximately 2001. She lives in a two-bedroom apartment with her husband, her 17 year-old son and her 14 year-old daughter.

9. Plaintiff Tania Morataya has been a resident of the apartment complex located at 20421 Saticoy Street in Winnetka, California since approximately 2013. She lives in a three-bedroom apartment with her husband, her two adult daughters, and her nine-year-old son.

10. Defendant C & R Canoga Park, L.P. owns and operates the apartment complex located 20421 Saticoy Street ("20421 Saticoy Street") in Winnetka, California, a multifamily residential property containing 34 units. The apartments at 20421 Saticoy Street and associated public and common areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b). At all times relevant, C & R Canoga Park, L.P. has been responsible for the overall management and operation of 20421 Saticoy Street, including the hiring and supervising of employees who work at 20421 Saticoy Street.

11. Defendant Ana Lopez has been the onsite property manager at 20421 Saticoy Street since approximately 2015. As the onsite manager, she is responsible

1  for the day-to-day management of 20421 Saticoy Street, including the enforcement of
2  rules against families with children at the property.

### IV. FACTS

12. Plaintiffs Dinora Barajona, Tania Morataya and Blanca Ocampo reside at 20421 Saticoy Street, a 34-unit apartment complex located in Winnetka, California with their families, including their minor children. The apartment units at 20421 Saticoy Street are arranged around a central courtyard.

13. Since 2010, Defendants have adopted and enforced a policy restricting children from playing in the outside common areas.

14. From 2010 to 2015 the onsite managers at 20421 Saticoy Street prohibited children from playing in the common areas and instructed parents to keep their children inside.

15. Since 2010, the onsite managers regularly confiscated toys, such as plastic balls and scooters, from children without warning.

16. In 2015, Defendant Ana Lopez became the onsite manager. A few weeks after Ms. Lopez became the onsite manager, Defendants posted signs in the common areas stating:

> Any Child 12 Years or Under **MUST BE** Accompanied And Supervised By A Person 18 Years or Older.

The signs remain posted in the common areas at 20421 Saticoy Street.

17. After Ms. Lopez became the onsite manager, Defendants began enforcing a policy prohibiting children from playing, standing, or even sitting in the common areas at anytime.

18. Since 2015, Ms. Lopez has yelled at young children for being in the outside common area of the apartment complex. Ms. Lopez has also taken photographs or videos of children when they are in the outside common areas.

19. Since the summer of 2017, Ms. Lopez has threatened to evict tenants who fail to comply with rules against children in the common areas.

20. Since the summer of 2017, Ms. Lopez has threatened to call the police on children because they are in the common areas.

21. When Ms. Barajona, Ms. Morataya, or Ms. Ocampo have attempted to speak to Ms. Lopez regarding the overly restrictive rules, Ms. Lopez has responded that the apartment complex is not a park, that children playing in the common areas is a violation of the lease or that her supervisor Monica Cano and the owners have instructed her to enforce the rules prohiting children from being in the common areas.

22. In response to Defendants' policies prohibiting children from being in the outside common areas, Ms. Barajona, Ms. Morataya and Ms. Ocampo keep their children inside as often as possible. However, it is often difficult for children to remain inside because conditions inside their apartments are often poor, unsafe and uninhabitable. For example, temperatures in Winnetka during summer months regularly exceeding 100 degrees but Defendants refuse to replace or make adequate repairs to the air conditioners. In February 2017, a section of the roof collapsed into Ms. Ocampo's unit and her family was exposed to the elements for several days. Ms. Morataya has large rats inside her apartment and Defendants have failed to take measure to control the rat infestation.

<u>Defendants Enforced Their Policy Prohibiting Children from Being in the Common Areas Against Plaintiff Dinora Barajona and Her Sons</u>

23. Defendants have enforced the policy restricting use of the common areas by children against Ms. Barajona and her sons.

24. For example, in the summer of 2017, Ms. Barajona's children were playing in the common areas. Ms. Lopez came to Ms. Barajona's apartment and pointed to one of the signs in the common area stating that children must be supervised by an adult and told Ms. Barajona to keep her children inside. Ms. Barajona explained to Ms. Lopez that she was supervising her children. Ms. Lopez nevertheless told Ms. Barajona that children were not allowed to play outside and suggested that Ms. Barajona take her children to the park instead. In an effort to avoid

1  any problems, Ms. Barajona complied and brought her children inside.

2      25.  In August 2018, Ms. Barajona's sons were playing in the common areas. Ms. Lopez approached them and told them that the common areas are not a park and that they are not supposed to play there. Ms. Barajona's 12-year-old son told Ms. Lopez that it was unlawful to tell them to go inside. Ms. Lopez went to Ms. Barajona's apartment and asked Ms. Barajona to "show me where it says that it is unlawful to restrict children from playing in the common areas" or words to that effect.

    26.  In approximately August 2017, Ms. Barjona's sons were outside in the common areas holding plastic toy guns, Ms. Lopez yelled at them, telling them that she was going to call the police.

    27.  On approximately May 10, 2018, a neighbor was having a party and some adults had gathered in the common areas. Because there was a lot of noise, Ms. Barajona's children thought it was okay for them to be in the common areas. Ms. Lopez nevertheless came outside and and told Ms. Barajona's children to go back inside or she would call the police. Ms. Lopez did not say anything to the adults who had gathered in the common areas.

<u>Defendants Enforced Their Policy Prohibiting Children from Being in the Common Areas Against Plaintiff Tania Morataya and Her Children</u>

    28.  Defendants have enforced the policy restricting use of the common areas by children against Ms. Morataya and her children.

    29.  For example, Ms. Morataya's son and Ms. Barajona's eight-year-old son decided to go together to a tenant's apartment to ask for Halloween candy. Ms. Morataya's adult daughter supervised the children from the second floor. While the children were in the common areas, Ms. Lopez came outside and yelled at the children, ordering them to go back inside their apartments. The children complied and went back inside.

    30.  In or around the summer of 2017, Ms. Morataya's son was sitting in the

common areas when Ms. Lopez ordered him to go back inside his unit. Afterwards, Ms. Morataya asked Ms. Lopez to direct her to the lease provision stating that children are prohibited from the common areas. Ms. Lopez responded that Ms. Morataya "should learn to speak English" and that her supervisor, Monica Cano, would send her a three-day notice to cure or quit specifying the lease violation. Ms. Lopez also told Ms. Morataya that she should take her child to the park instead of allowing him to be in the common areas.

31. In approximately June 2017, Ms. Morataya was watching her son from the screen door of her apartment when she heard Ms. Lopez yelling at group of children, including Ms. Barajona's two sons. Ms. Lopez threatened to call the police on the children if they did not go inside. Ms. Moratya immediately went down to Ms. Lopez's unit to speak with her regarding her statement and Ms. Lopez slammed the door.

<u>Defendants Enforced Their Policy Prohibiting Children from Being in the Common Areas Against Plaintiff Blanca Ocampo and Her Children</u>

32. In summer 2010, Ms. Ocampo's then eight-year-old son was regularly reprimanded for being in the common areas and his toys were routinely confiscated on a near daily basis. The onsite manager told Ms. Ocampo that her son was not allowed to play in the common areas.

33. In approximately mid-June 2017, Ms. Ocampo's then 12-year-old daughter was outside the apartment speaking with another child who lives at the complex. Ms. Lopez told her that she could not be outside and escorted her back to her apartment.

34. In or around August 2018, Ms. Ocampo's then 13-year-old daughter was sitting in the common areas with a neighbor when Ms. Lopez told her to go inside. Ms. Ocampo's daughter went back inside her apartment.

## INJURIES

35. Plaintiffs have suffered a violation of their civil rights and emotional

1 distress, including depression, stress, anxiety, humiliation, mental anguish, and
2 bodily injury such as sleeplessness, loss of appetite, headaches, nausea and muscle
3 twitching.

4   36.   In doing the acts of which Plaintiffs complains, Defendants and their
5 agents and employees acted with oppression, fraud and malice, and with wanton and
6 conscious and/or reckless disregard of the rights of Plaintiffs.

7   37.   There now exists an actual controversy between the parties regarding
8 Defendants' duties under the federal and state fair housing laws.  Unless enjoined,
9 Defendants will continue to engage in the unlawful acts and the pattern or practice of
10 discrimination described above. Plaintiffs have no adequate remedy at law. Plaintiffs
11 are now suffering and will continue to suffer irreparable injury from Defendants' acts
12 and their pattern or practice of discrimination unless relief is provided by this court.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

[Federal Fair Housing Act]

*42 U.S.C. § 3601 et seq.*

17   38.   Plaintiffs reallege and incorporate by reference all the preceding
18 paragraphs in this complaint as if fully set forth herein.

19   39.   Defendants injured Plaintiffs in violation of the Fair Housing Act by:
20   a.   Discriminating in the terms, conditions, or privileges of the rental of a
21 dwelling because of familial status in violation of 42 U.S.C. § 3604(b).
22   b.   Making statements with respect to the rental of a dwelling which
23 indicated a preference, limitation, or discrimination based on familial status in
24 violation of 42 U.S.C. § 3604(c); and
25   c.   Interfering in the exercise or enjoyment of, or on account of having
26 exercised or enjoyed, or on account of his having aided or encouraged any other
27 person in the exercise or enjoyment of rights guaranteed by the Fair Housing Act in
28 violation of 42 U.S.C. § 3617.

## SECOND CLAIM FOR RELIEF

[California Fair Employment and Housing Act]

*Cal Gov't Code § 12927 et seq.*

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 37 of the complaint as if fully set forth herein.

41. Defendants injured Plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

    a. Discriminating because of familial status in violation of California Government Code § 12955(a);

    b. Making, printing, or publishing or causing to be made, printed or published any notice, statement or advertisement that indicates any preference, limitation, or discrimination based on familial status in violation of California Government Code § 12955(c);

    c. Interfering in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of California Government Code § 12955.7.

## THIRD CLAIM FOR RELIEF

[California Unruh Civil Rights Act]

*Cal. Civ. Code § 51 et seq,*

42. Plaintiffs reallege and incorporates by reference paragraphs 1 through 37 of the complaint herein.

43. 20421 Saticoy Street is a business establishment.

44. Defendants have violated Plaintiffs right to fair and equal housing under the Unruh Civil Rights Act, California Civil Code § 51 et seq. in that Defendants discriminated against her in the operation of 20421 Saticoy Street, a business establishment, because of familial status.

45. Pursuant to the Unruh Civil Rights Act, Plaintiffs are entitled to statutory damages, among other remedies, of up to three times their actual damages asdetermined by the trier of fact.

### FOURTH CLAIM FOR RELIEF
### [Negligence]

46. Plaintiffs reallege and incorporates by reference paragraphs 1 through 37 of the complaint herein.

47. Defendants owe Plaintiffs a duty to operate 20421 Saticoy Street in a manner that was free from unlawful discrimination, and to hire, train, supervise and discipline their employees and each other to fulfill that duty.

   a. Defendants' negligent failure to train their employees, agents, and each other regarding the requirements of state and federal fair housing laws;

   b. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

   c. Defendants' negligent failure to supervise their employees or agents regarding compliance with the requirements of state and federal fair housing laws;

   d. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws; and,

   e. Defendants' negligent failure to operate the subject property in conformity with accepted industry custom and standards.

48. As a legal result of Defendants' negligent conduct, Plaintiff suffered humiliation, mental anguish, and emotional distress, including stress, anxiety, depression, and bodily injury such as sleeplessness, loss of appetite, headaches, nausea and muscle twitching.

### VI. RELIEF

Wherefore, Plaintiffs pray for the following relief:

1. Permanently enjoin all unlawful practices alleged in this complaint and impose injunctive relief prohibiting Defendants, their partners, agents, employees,

assignees, and all persons acting in concert or participating with them, from violating the unlawful practices alleged herein;

    2.    Enter a permanent injunction directing Defendants and their directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

    3.    The Court declare that Defendants have violated the provisions of applicable federal and state laws;

    4.    The Court award compensatory and punitive damages to Plaintiffs according to proof;

    5.    The Court grant reasonable attorneys' fees and costs of the suit to Plaintiffs; and,

    6.    The Court grant all such other relief as the Court deems just.

## VII. JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a jury trial.

Dated: February 20, 2019

Respectfully Submitted,

D. SCOTT CHANG
AZADEH HOSSEINIAN
HOUSING RIGHTS CENTER

By    /s/ *D. Scott Chang*
        D. Scott Chang

Attorneys for Plaintiffs